# Judge Hellerstein

Michael J. Walsh (MW-6578)
William F. Dougherty (WD-8719)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPELLA SHIPPING LTD.,

        Plaintiff,

-against-

CEMENT PLUS CORPORATION,

        Defendant.

---

VERIFIED COMPLAINT

ECF CASE

    Plaintiff Capella Shipping Ltd. (hereinafter "Plaintiff"), by its attorneys Burke & Parsons, as and for its Verified Complaint against defendant Cement Plus Corporation (hereinafter referred to as the "Defendant"), alleges upon information and belief as follows:

### JURISDICTION AND THE PARTIES

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

    2.   At all times relevant hereto, the Plaintiff was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Palm Grove House, P.O. Box 438, Road Town, Tortola, British Virgin Islands.

3. At all times relevant hereto, the Defendant was and still is a corporation duly organized and existing under and by virtue of the laws of Texas with an office and place of business at 8316 East Freeway, Houston, Texas.

## AS AND FOR A FIRST CAUSE OF ACTION

4. Pursuant to a maritime Contract of Affreightment on an amended GENCON 1994 form dated at Cairo on June 11, 2007 (the "COA"), Plaintiff, as disponent owner, agreed to charter vessels, the names of which were to be nominated, to Defendant, as charterer, for the carriage of a total volume of 300,000 metric tons of bagged cement (plus or minus 5% in owner's option), from Alexandria, Egypt to Houston, Texas and/or Palm Beach, Florida in charterer's option. According to the terms of the COA, the foregoing volume was to be shipped in three to five lots within about 130-140 days, fairly evenly spread. The quantity of each lot was to be about 6,000 to 10,000 metric tons with the exact quantity to be at owner's option and with a full or part cargo in owner's option.

5. At all times relevant hereto, Plaintiff was the disponent owner of the M/V BOE FJORD, one of the vessels nominated for service and chartered under the COA.

6. At all times relevant hereto, Plaintiff was the disponent owner of the M/V BOE SEA, another of the vessels nominated for service and chartered under the COA.

7. Pursuant to the terms of the COA, Defendant agreed to pay freight in a specified amount and agreed further to pay demurrage at a specified rate for any delays in loading or discharging the nominated and chartered vessels beyond the laytime allowed in the COA.

8. On September 21, 2007 and in performance of the COA, the M/V BOE FJORD commenced loading cement bags in Alexandria. Loading operations were not completed until September 27, 2007, when the Vessel departed for Palm Beach. The Vessel arrived at Palm Beach on October 19, 2007 but did not complete discharging until October 23, 2007, when she departed for Houston, her final port of discharge. The Vessel arrived at Houston on October 27, 2007 and completed discharging on October 28, 2007.

9. On November 7, 2007, Plaintiff issued its final freight invoice to Defendant with respect to the voyage of the M/V BOE FJORD. This invoice, after crediting the contractually agreed upon rate of despatch to Charterer for expeditious discharge at

Houston, and crediting a partial payment of freight from Charterer on October 4, 2007, showed a net balance due and owing from Defendant to Plaintiff for freight and demurrage in the total principal amount of $33,589.25. The foregoing amount remains unpaid despite due demand by Plaintiff in breach of Defendant's obligations under the COA. Interest on this sum runs from November 12, 2007, the date payment was originally due.

10. On December 5, 2007 and in performance of the COA, the M/V BOE SEA commenced loading cement bags in Alexandria. Loading operations were not completed until December 12, 2007, when the Vessel departed for Palm Beach. The Vessel arrived at Palm Beach on January 4, 2008 and completed discharging the same day and thereafter departed for Houston, her final port of discharge. The Vessel arrived at Houston on January 9, 2008 and completed discharging on January 11, 2008.

11. On January 28, 2008, Plaintiff issued its final freight invoice to Defendant with respect to the voyage of the M/V BOE SEA. This invoice, after crediting the contractually agreed upon rate of despatch to Charterer for expeditious discharge at Palm Beach and Houston, and crediting payment of freight from Charterer on December 11, 2007, showed a net balance due and owing from Defendant to Plaintiff for demurrage in the total principal amount of $4,190.97. The foregoing amount remains unpaid despite due demand by Plaintiff in breach of Defendant's obligations under the COA. Interest on this sum runs from February 2, 2008, the date payment was originally due.

12. In summary, the principal amount of Plaintiff's claims for freight and demurrage with respect to the voyages of the BOE FJORD and BOE SEA under the COA is $37,780.22.

13. Pursuant to Paragraph 25 of the COA, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply. This action is filed, pursuant to 9 U.S.C. §8, expressly without prejudice to that right of arbitration, and Plaintiff reserves the right to arbitrate its claims.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings and no security for Plaintiff's claims has been posted by defendant or anyone acting on Defendant's behalf. In addition to an attachment in the full principal amount of the claims as outlined in Paragraph 12 above, Plaintiff also seeks an attachment over an additional sum to cover interest as well as their anticipated

attorneys' fees and costs, all of which are recoverable in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover in any arbitration proceedings $2,163.00 in interest (computed on the principal amount sought from the date due at a rate of 7% and projected out for a period of six months – the estimated timeframe within which London proceedings will be completed) and $20,039.00, the estimated U.K. counsel fees and costs which will be incurred in conjunction with London arbitration and which are recoverable there.

15. For its part, Plaintiff has satisfied and performed all its obligations under the terms of the COA.

## APPLICATION FOR ATTACHMENT OF DEFENDANT'S ASSETS PURSUANT TO RULE B OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

16. Upon information and belief, and after investigation, the Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter "Assets"), moving through banking institutions, including but not limited to, ABN Amro; American Express Bank; Bank of America NA; Bank of New York Mellon; Citibank; Deutsche Bank, AG; HSBC Bank USA NA; JPMorgan Chase Bank; Standard Chartered Bank; Wachovia Bank, and/or UBS.

17. Based upon the foregoing, therefore, the total sum sought to be attached in this action is $59,982.22 in respect of the Plaintiff's claims against the Defendant.

WHEREFORE, Plaintiff Capella Shipping Ltd. prays:

a. That process in due form of law according to the usual practice of this Court may issue against Defendant citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claims plus interest, costs and attorneys' fees;

b.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching and restraining all assets of the Defendant up to and including the sum of $59,982.22, including but not limited to, any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant, including but not limited to, such assets as may be held, received or transferred in its own name or as may be held, received or transferred to it or its benefit at, moving through, or within the possession, custody or control of banking institutions, including but not limited to, ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank, AG; HSBC Bank USA NA; JPMorgan Chase Bank; Standard Chartered Bank; Wachovia Bank, and/or UBS; or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.  For such other and further or different relief as this Court may deem just and proper in the premises.

Dated:   New York NY
         March 27, 2008

                         BURKE & PARSONS
                         Attorneys for Plaintiff
                         Capella Shipping Ltd.

                         _____
                         Michael J. Walsh (MW-6578)
                         100 Park Avenue
                         New York NY  10017-5533
                         (212) 354-3800

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)

Michael J Walsh, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and Of Counsel to the firm of Burke & Parsons, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. This Verification has been made by deponent and not by Plaintiff because Plaintiff is a foreign corporation, and has no officers or directors within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Michael J. Walsh

Sworn to before me this
27TH day of March 2008.

_____
Notary Public

Penny S. Martinez
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010

O:\CM\9046_SKU\BP_DOC\0007.DOC

VERIFIED COMPLAINT